IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS SANCHEZ, #4889-10 ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:11-CV-0600-N-BH |
| ) | |
| ELLIS COUNTY, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

## I. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against Ellis County, the Ellis County jail, Officer Grman, Dr. Fortner, and nurses Kat Meza, Jennifer Cunningham, and Ronda Treadway.[1] He claims he was injured when he slipped and fell on a wet floor at the Ellis County jail on February 28, 2011, and that he exacerbated the injury when he fell again on March 1, 2011. (Compl. at 3-5; Magistrate Judge's Questionnaire Answers[2] ("MJQ Ans.") 2). Plaintiff contends that Ellis County, the jail, and the officer on duty (Officer Grman) failed to use warning signs to let inmates know that the floor was wet. He also complains about the medical care he received for his injuries. (MJQ Ans. 1-5). He seeks $1,500,000.00 in damages.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate at the Ellis County jail who has been permitted to proceed *in forma*

---

[1] It is unclear whether Plaintiff intended to also sue nurse Ronda Treadway or merely named her name as a witness to his fall. (*See* MJQ Ans 2). In an abundance of caution, she is considered as a defendant rather than just a witness.

[2] Plaintiff's answers to the questions in the MJQ constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

*pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

2

### A. Municipal Liability

Plaintiff alleges that Ellis County violated his rights by not placing signs in the jail warning inmates that the floor was wet on February 28, 2011. (MJQ, Ans. 1).

Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008). To hold a municipality liable under § 1983, however, plaintiffs must show an "underlying claim of a violation of rights," as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under § 1983 is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986).

Plaintiff has not alleged either that there was a policymaker or an official policy or custom on the part of Ellis County not to place warning signs that violated his constitutional rights. Nor has he alleged a constitutional violation by Ellis county, only negligence. Mere negligence is not a constitutional violation that is actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"). The claims against Ellis County should be dismissed for failure to state a claim.

### B. Non-Jural Entity

Plaintiff also sues the Ellis County jail. The jail, however, is a non-jural entity that is not subject to suit under § 1983. *Williams v. City of Dallas Police Dep't*, No. 3:09-CV-0275-P, 2009 WL 812239, at *2 (N.D. Tex. Mar. 26, 2009) (accepting recommendation of Mag. J.); *Searcy v. Cooper*, No. 3:01-CV-0112-D, 2001 WL 435071, at *3 (N.D. Tex. Apr. 20, 2001) (recommendation

of Mag. J.), *accepted by* unpub. order (N.D. Tex. May 15, 2001).[3] The claims against the jail should therefore also be dismissed.

**C. Negligence**

Plaintiff alleges that, as the officer on duty on February 28, 2011, Officer Grman violated Plaintiff's rights by failing to post warning signs or notify the inmates that the floor was wet and could be slippery. (MJQ Ans. 2). Ronda Treadway witnessed his fall in the restroom on March 1, 2011, when he hit his lower back on the toilet. *Id.*

Plaintiff has not alleged that the officer's failure to warn inmates of the wet floor was a purposeful act, and his alleged negligence, even if it caused an unintended injury, did not violate Plaintiff's constitutional rights. *See Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (holding that negligence by state officials does not constitute a due process violation under the Fourteenth Amendment). *Quine v. Livingston*, 2006 WL 1662920, *1 (S.D. Tex. June 12, 2006) (finding that prisoner's claim that officers' failure to place "wet floor" signs around ice machine resulted in his falling and breaking his ankle was a "garden-variety" negligence claim that did not present an issue of constitutional dimension). Plaintiff has also failed to show that the nurse's mere observation of him falling was a purposeful act. At most, Plaintiff has alleged negligence on her part, which is also not actionable under § 1983.

**D. Medical Care**

Plaintiff further contends that two nurses and a doctor in the jail provided inadequate medical care to him after his two falls. The Constitution requires humane conditions of confinement, which

---

[3] The MJQ specifically advised that the Ellis County jail is a non-jural entity and provided Plaintiff an opportunity to amend his complaint to add additional defendants. He did so by naming two other people, Officer Grman and Ronda Treadway. (MJQ Ans. 2).

4

includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

1. **Dr. Fortner**

Plaintiff alleges that Dr. Fortner provided inadequate medical care by not ordering an M.R.I after his fall on February 28, 2011, or after he fell again on March 1, 2011. (Comp. at 4, 4a; MJQ

5

Ans. 5, 6). Plaintiff acknowledges that he was first treated on February 28, 2011, for an injury he sustained in a fall that same day, that he was given X-rays, and that the X-rays did not reveal any fracture. He further concedes that he has been prescribed Tylenol 3 and an anti-inflammatory medication, and that the doctor has now ordered an M.R.I. to determine why he has a lump on his lower back. (Comp. at 4, 4a; MJQ, Ans. 7).

Plaintiff's claims against the doctor are complaints about the type of medical treatment he received. Mere disagreement with medical treatment is insufficient to state a claim, however. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). A failure to provide additional treatment may show medical malpractice, but not deliberate indifference, because decisions to provide additional treatment are matters of medical judgment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Domino v. Texas Dep't Crim. J*, 239 F.3d at 756. Even unsuccessful medical treatment does not give rise to a § 1983 violation. *Varnado v. Lynaugh*, 920 F.2d 321, 321 (5th Cir. 1991). Plaintiff's allegations about Dr. Fortner's actions are not sufficient to state a violation of his constitutional rights. *See Iruegas v. Poe*, 374 Fed. App'x 513, 517 (5th Cir. March 22, 2010) (holding that a failure by prison medical personnel to order a MRI after X-rays revealed no broken bones or prescribe stronger pain medication was not a cognizable cause of action because the care received did not unnecessarily and wantonly inflict pain on the prisoner), *citing Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009). Plaintiff's claims against Dr. Fortner should be dismissed.

### 2. Nurses

Plaintiff also claims that after he fell the first time on February 28, 2011, head nurse Kat Meza told him that he did not need an M.R.I., that she hurt him while trying to help him get into a wheelchair, and that she informed him that he would have to get in a wheelchair himself. (Comp.

6

at 4; MJQ Ans. 3, 6). Plaintiff asserts that nurse Jennifer Cox would not call a paramedic when he was experiencing pain on March 3, 2011, or after he fell again on March 1, that she told him that the doctor had told her not to do so, and that a sergeant had her call the paramedic, after which he was taken to the hospital. (Comp. at 4a; MJQ Ans 4, 6).

To the extent that Plaintiff complains about the failure to order an M.R.I. or to call a paramedic based on the doctor's orders, these claims relate to his medical treatment and fail for the same reasons as the claims against Dr. Fortner. Plaintiff's other allegations about the nurses' conduct do not rise to the level of deliberate indifference. Although Plaintiff disagrees with the length of time he had to wait before being treated on both February 28th and March 3rd, a delay in medical care is a constitutional violation only if there has been deliberate indifference which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). He has not alleged substantial harm from the delay. Plaintiff's contentions that the nurses did not act with a professional manner do not state a constitutional violation; he does not allege that the nurses refused to treat him, ignored his medical complaints, or intentionally treated him incorrectly. *Johnson v. Treen*, 759 F.2d at 1238. Plaintiff has not alleged a cognizable cause of action against the nurses who treated him, and the claims against them should also be dismissed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

**SIGNED this 17th day of May, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.